

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | CRIMINAL NO. 20-cr 30115-NJR |
| | ) | |
| ANTOINETTE DAVIS, | ) | |
| | ) | |
| Defendant. | ) | |

## STIPULATION OF FACTS

The United States of America, by and through Steven D. Weinhoeft, United States Attorney for the Southern District of Illinois, and Peter T. Reed, Assistant United States Attorney, together with Defendant, Antoinette Davis, and her counsel, Bradley S. Dede, agree and stipulate to the following Stipulation of Facts:

1. From approximately October 29, 2015, and continuing until approximately May 14, 2018, Defendant knowingly conspired with Tamecia Buckley and others to commit an offense against the United States, namely to devise and participate in a scheme and artifice with the intent to defraud Sprint and to obtain money and property from Sprint and the resale of cellular telephones by means of false and fraudulent pretenses, representations and promises, and for the purpose of executing the scheme, and attempting so to do, caused writings and signals to be transmitted in interstate commerce by means of wire communications.

2. Defendant conspired and agreed with Buckley and Michael Henderson to enter Sprint retail stores to pick up new cellular telephones for Buckley without paying for them and assisting Buckley in reselling them to other cellular retail stores for cash. Defendant offered to and agreed to participate in the conspiracy in exchange for cash. Defendant, Buckley, and her

codefendants, used the names, social security numbers, and account numbers of real people to get access to the cellular telephones.

3. In the normal course of business, when a customer opens a new cellular account with Sprint, the customer can choose to rent or lease a cellular device. By entering into a written agreement with Sprint, the customer is not required to pay for the device and can make monthly payments for its use. Should the customer choose to "port" the telephone (move the device to another service provider), the customer is required to return or pay for the cellular device.

4. During the conspiracy, Buckley opened new accounts using her cellular telephone to call Sprint telesales. Buckley identified herself as the victim in whose name she intended to open the account and provided the victim's social security number to enable Sprint to run a credit check. Buckley then designated herself, Defendant, and others as delegates on some accounts. As a delegate, Buckley, Defendant, and others entered a retail store, such as Sprint's retail store in Belleville, Illinois, within the Southern District of Illinois, met with codefendant Michael Henderson, provided the name and account number of the new account, opened new lines of service, and purchased new cellular telephones. Buckley, Defendant, and others purchased under a lease agreement up to four new cellular telephones at a time. Buckley, Defendant and their codefendants used the delegation option as a way to legitimize the transactions and to conform with Sprint's policy that any person purchasing a telephone must present identification. Buckley, Defendant, and others presented their identification cards if requested by codefendant Henderson or other Sprint employees.

5. In carrying out the scheme, Buckley directed that Sprint communicate with the victim by electronic message (or email), including the sending of bills for the account. Buckley or others provided an email address to Sprint personnel for this purpose. Many of the email

addresses provided were fictitious, causing Sprint to receive delivery failure notices when electronic messages were sent to the email address on the accounts. Sprint also sent text messages to victims alerting them to account activity. Sprint's servers are located in Lee's Summit, MO. Many victims of this scheme were located in Ohio.

6. Buckley, Defendant, and others paid mandatory initial fees in cash to avoid detection and identification.

7. On many occasions, Buckley arranged through the use of text messages from her cellular telephone for a friend or family member to enter the retail store and meet with codefendant Henderson or another Sprint employee on her behalf. Buckley advised codefendant Henderson through text messaging who was entering the store, what kinds and number of cellular telephones Buckley wanted, and how much Buckley intended to pay codefendant Henderson for his assistance. Henderson would advise Buckley about his work schedule and who else, including managers, were working on a particular day.

8. When a friend or family member, such as Defendant, entered the store, Buckley provided instructions. If Buckley intended to use the Belleville Crossing, Illinois retail store, Buckley often directed the person to codefendant Henderson, who was aware of and facilitated the scheme.

9. Upon receiving the cellular telephones, Buckley sold them to other cellular retailers and had codefendant Henderson cancel the new accounts after telephones were purchased. Buckley, Defendant, and others did not return any of the telephones to Sprint.

10. As an example, Defendant entered a Sprint retail store in Belleville, Illinois within the Southern District of Illinois, Sprint store on January 27, 2018, to conduct a transaction for five cellular telephones using an account opened in the name of R.D. Prior to entering the store,

Buckley had already opened the account in the name of R.D. and declared Defendant as a delegate. Defendant purchased five telephones by lease agreement on R.D.'s account and paid the initial mandatory fees in cash. Defendant provided her driver's license as a delegate on the account. Defendant would later engage in an additional transaction using R.D.'s name and account number as a delegate on January 29, 2018, to acquire cellular telephones for Buckley. The account was set so that communications, including billing, were by electronic mail (email) and provided an email address through yahoo.com. Defendant was paid for her assistance by Buckley for this transaction.

11. When Defendant conducted this transaction, she knew that R.D. did not open this account and that she was a real person. Defendant also knew that Buckley did not consult or have R.D.'s permission to open the account. Defendant knowingly possessed and used, without lawful authority, a means of identification of R.D., specifically the name and Sprint account number of R.D. during and in relation to a felony violation enumerated in 18 U.S.C. § 1028A(c), namely conspiracy to commit wire fraud in Count One, and Defendant knew that the means of identification belonged to another actual person.

12. R.D. did not give anyone permission to use her name or to open an account with Sprint on her behalf. R.D. did not open any of the Sprint accounts Defendant used to acquire cellular telephones. R.D. has never traveled to Belleville, Illinois to open accounts with Sprint.

13. Buckley used her cell phone to contact telesales to open accounts with Sprint. She also accessed accounts online through Sprint's website and the internet and sent text messages with codefendants. Many accounts also used email communications to contact customers about billing and other correspondence. These communications caused or attempted to cause wire communications to occur, thereby affecting interstate commerce.

14. Defendant's actions caused a loss to Sprint in the amount of $10,289.84.

15. Defendant stipulates that the facts set forth in this Stipulation of Facts prove beyond a reasonable doubt Counts One and Four.

16. Defendants stipulates that venue is proper in the Southern District of Illinois, for Counts One and Four.

SO STIPULATED:

STEVEN D. WEINHOEFT
United States Attorney

_____
ANTOINETTE DAVIS
Defendant

_____
BRADLEY S. DEDE
Attorney for Defendant

Date: 6-15-21

_Peter T. Reed_
PETER T. REED
Assistant United States Attorney

Date: 10/27/2021

5